UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARRIE FRITZ,

        Plaintiff,

                                       Case No. 23-cv-1227-pp

   v.

KARE
and KARE AFFILIATED NON-PROFIT VENTURES,

        Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE DRIES'S RECOMMENDATION
(DKT. NO. 22) AND DISMISSING CASE WITHOUT PREJUDICE FOR
PLAINTIFF'S FAILURE TO DILIGENTLY PURSUE**

---

On September 18, 2023, the plaintiff—representing herself—filed a complaint naming as defendants KARE, KARE Affiliated Non-Profit Ventures and Dr. Kwane Watson. Dkt. No. 1. In the caption of the complaint, the plaintiff listed the address for all three defendants as "C/o DOCTOR KWANE WATSON (Dr. Watson)" at 901 S. 14th Street, Louisville, KY 40210. Dkt. No. 1 at 1. She provided her own address as "N106W16384 Old Farm Road, Germantown, WI 53022." Id.

The complaint alleged that the defendants engaged in employment discrimination, retaliation and wrongful termination and violated the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. Id. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

1

On December 1, 2023, Magistrate Judge Stephen C. Dries issued an order screening the plaintiff's complaint. Dkt. No. 6. Judge Dries concluded that the plaintiff did not have the money to pay the filing fee and granted her motion to proceed without prepaying it. Id. at 1-2. He then turned to whether the allegations in the complaint were frivolous, malicious or failed to state a claim on which relief could be granted. Id. at 2 (citing 28 U.S.C. §1915(e)(2)(B)(i)–(iii)). Noting that he was required to construe the complaint liberally because the plaintiff was representing herself, Erickson v. Pardus, 551 U.S. 89, 94 (2007), Judge Dries summarized the complaint's allegations as follows:

> [The plaintiff's] complaint contains the following allegations. *See* ECF No. 1. She is a cancer survivor and qualifies as an individual with a disability under the ADA. ECF No. 1 at 2. Dr. Kwane Watson, who is the CEO of KARE and KARE Affiliated Non-Profit Ventures, subjected [the plaintiff] to derogatory remarks and targeted mistreatment based on her disability. *Id.* Dr. Watson also subjected [the plaintiff] to sexual harassment and terminated her employment based on her gender and race. *Id.* [The plaintiff] raised concerns about potentially fraudulent activities and unethical conduct within the organization. *Id.* The defendants retaliated against [the plaintiff] for raising these concerns by creating a hostile work environment and ultimately terminating her employment. *Id.* at 3. [The plaintiff] seeks compensatory damages, as well as a declaratory judgment that the defendants' actions violated federal employment laws, reinstatement or appropriate compensation for the loss of employment, an injunction to ensure future compliance with applicable labor laws and regulations, and costs and reasonable attorney's fees. *Id.* at 3-4.

Dkt. No. 6 at 3 (citing Dkt. No. 1).

Liberally construing these allegations, Judge Dries found that "the complaint appears to assert cognizable discrimination claims against the

2

defendants under the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964." Dkt. No. 6 at 4. Citing 28 U.S.C. §1915(d) and Federal Rule of Civil Procedure 4, Judge Dries instructed the United States Marshals Service to serve a copy of the complaint, a waiver of service form and/or the summons and his screening order on all three defendants. Id.

On December 1, 2023, the clerk's office provided the U.S. Marshals Service with three "Process Receipt and Return" forms—one for "KARE," with an address of 901 S. 15th Street, Louisville, KY 40210; one for Dr. Kwane Watson at the same address; and one for "KARE Affiliated Non-Profit Ventures" at the same address. Dkt. No. 7.

Two months later, the court received defendant Watson's completed waiver of service form. Dkt. No. 10. Six days later, on February 7, 2024, the U.S. Marshals Service filed—unexecuted—the Process Receipt and Return forms for "KARE" and "KARE Affiliated Non-Profit Ventures." Dkt. Nos. 8, 9. On both forms, the Marshals handwrote that they had mailed the service packet to the defendant on December 4, 2023, and that on February 7, 2024, there was "No Response." Id.

On February 10, 2024, Watson filed a motion under Fed. R. Civ. P. 12(b)(2) "to dismiss all claims asserted against him in this action based on the court's lack of personal jurisdiction." Dkt. No. 14. The brief in support of the motion argued that the court could not exercise personal jurisdiction over Watson under Wisconsin's long-arm statute because Watson never had traveled to or conducted any business in Wisconsin, had "never employed any

3

individuals that have worked or provided services in the State of Wisconsin or provided services for residents of the state of Wisconsin" and had never employed the plaintiff. Dkt. No. 15 at 3. The brief also asserted that Watson was not the founder, owner, CEO or registered agent "for an entity called 'KARE,' which he does not believe to be a legal entity." Id. The brief concluded with the argument that the motion to dismiss "must be granted because Plaintiff will not be able to produce any affirmative evidence to support the exercise of personal jurisdiction over Dr. Watson under the terms of . . . Wisconsin['s] Long arm Statute." Id. at 4. The motion was supported by a sworn affidavit from Watson, who averred that he was a licensed dentist with offices at 901 S. 15th Street in Louisville, Kentucky (the address the plaintiff had provided on the first page of the complaint). Dkt. No. 16 at ¶2. Watson averred that to his knowledge, "there is no legal entity called 'KARE' and no entity doing business as 'KARE' has had offices in the building located at 901 S. 15th Street in Louisville Kentucky in the 18 months" that he had maintained an office in that building. Id. at ¶10. He also averred that he was not, and never had been, "the founder, owner, CEO or registered agent for service of process for an entity called 'KARE.'" Id. at ¶11.

On February 22, 2024, the Marshals Service filed a second copy of an unexecuted service of process for "KARE," this time reflected in the "ADDRESS" section "Registered Agent – Karen Herbison – 2411 N Hillcrest Pkway STE 2, Altoona, WI 54720-2590." Dkt. No. 18. In the "Remarks" section of the form, the Marshals had hand-written the notation, "Forwarded to W/WI Returned

4

unexecuted." Id. The Marshals attached a second copy of an unexecuted

service of process for KARE Affiliated Non-Profit Ventures reflecting the same

registered agent at the same address, with the same handwritten notation. Dkt.

No. 18-1. Also attached was a February 14, 2024 email from Watson's attorney,

David McClurg, to Brandon Howard at the U.S. Marshals Service. Dkt. No. 18-

2. The email reads:

> Mr. Howard,
>
> I represent Kwane Watson in the above referenced action commenced by [the plaintiff]. I have attached a copy of Mr. Watson's affidavit that I recently filed with the court in support of our Motion to Dismiss for Lack of Personal Jurisdiction. As indicated in that affidavit, Mr. Watson does not believe that "KARE" or "KARE Affiliated Non-Profit Ventures" are legal entities, and no businesses operating under those names have offices at the address identified on the Summons for those named parties.
>
> I have confirmed that Karen Herbison, who is listed as the "Registered Agent" for "KARE" and "KARE Affiliated Non-Profit Ventures" in the recent Summons packets you sent out, is not associated with either of those entities. She is the registered agent for KARE, Inc., a Wisconsin corporation that has nothing to do with the plaintiff, [ ] defendant, Kwane Watson, or any entities that he is associated with. Service on Ms. Herbison will only require that her company incur the costs of filing a Motion to Dismiss or a Motion for Summary Judgment.
>
> The problem here is that [the plaintiff] has named entities that do not exist and thus cannot be served as parties to this action.
>
> I hope this is helpful.

Id.

A week later, on Mach 1, 2024, Judge Dries issued an order stating the

following:

> Proceeding without the assistance of counsel, [the plaintiff] initiated this action on September 18, 2023. ECF No. 1. Upon

5

screening, I granted [the plaintiff's] motion for leave to proceed without prepaying of the filing fee. ECF No. 6. Accordingly, the U.S. Marshals Service attempted to serve the above-named defendants. The agency returned an unexecuted summons as to KARE and KARE Affiliated Non-Profit Ventures. *See* ECF Nos. 8, 9, 18. Dr. Kwane Watson waived service and has appeared in this action. *See* ECF Nos. 10, 13. According to Dr. Watson, "KARE" and "KARE Affiliated Non-Profit Ventures" are not existing legal entities and no businesses operating under those names have offices at the address identified on the summons for those named parties. *See* ECF No. 18-2.

These defendants have not been served within the 90-day time period mandated by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m). They will be dismissed as defendants without prejudice within 30 days unless the plaintiff shows good cause. *Id.* Alternatively, the plaintiff may file, within 30 days, an amended complaint naming the proper defendants.

Dkt. No. 19. The docket reflects that the order was mailed to the plaintiff at N106W16384 Old Farm Rd, Germantown, WI 53022—the address the plaintiff had provided on her complaint. Though the order was mailed almost four months ago, it has not been returned to the court as undeliverable. The court has not received from the plaintiff any written showing of cause why the court should not dismiss KARE and KARE Affiliated Non-Profit Ventures, nor has it received an amended complaint.

About three weeks later, on March 21, 2024, Judge Dries issued another order explaining to the plaintiff that her deadline for responding to Watson's motion to dismiss had passed and that the court had not received her response; Judge Dries gave the plaintiff a deadline of April 18, 2024 by which to respond to the motion. Dkt. No. 20 at 1-2. Judge Dries warned the plaintiff that if she did not respond to Watson's motion by that deadline, he would decide the motion without her input. Id. at 2. Again, the docket shows that the

6

order was mailed to the plaintiff at the Germantown address she had provided on her complaint. Although that order was mailed over three months ago, it has not been returned to the court as undeliverable and the court has not received the plaintiff's response to Watson's motion.

On April 25, 2024, Watson filed his magistrate judge consent form, giving Judge Dries the authority to decide his pending motion to dismiss. See Dkt. No. 21. The court had received the plaintiff's consent form on November 16, 2023. Dkt. No. 5. On May 6, 2024, Judge Dries[1] granted Watson's motion to dismiss, finding that because the plaintiff had not "made out a prima facie case of personal jurisdiction against Dr. Watson," "Dr. Watson is entitled to relief under Rule 12(b)(2) and that the case against him should be dismissed." Dkt. No. 23 at 3 (citing Moderson v. MFK Mobilelink Wisconsin, LLC, 630 F. Supp. 3d 1059, 1067 (E.D. Wis. 2022)).

That same day, Judge Dries issued a report recommending that this court dismiss KARE and KARE Affiliated Non-Profit Ventures without prejudice.[2] Dkt. No. 22. Judge Dries recounted that "[t]he U.S. Marshals Service [had] returned the summons for KARE and KARE Affiliated Non-Profit Ventures as unexecuted," that he had "ordered [the plaintiff] to amend the

---

[1] See 28 U.S.C. §636(c); Fed. R. Civ. P. 73(b).

[2] Because KARE and KARE Affiliated Non-Profit Ventures have not been served, they have not had the opportunity to consent to Judge Dries's authority to dispose of the case against them. That is why Judge Dries recommended to this Article III court that it dismiss the case, rather than ordering it dismissed himself. Dkt. No. 22 at 2 (citing Coleman v. Labor & Indus. Rev. Comm'n, 860 F.3d 461, 475 (7th Cir. 2017)).

complaint to name the proper defendants within thirty days," and that the plaintiff "ha[d] failed to do so." Id. at 1 (citing Dkt. Nos. 18, 19). Judge Dries stated that "[a]ccording to Dr. Watson (the only defendant who has appeared), there is no entity by either of these names either legally existing or doing business at the building [the plaintiff] listed in the complaint (where Dr. Watson has maintained an office for the past eighteen months)." Id. (citing Dkt. No. 16 at 2). Judge Dries ordered that "[t]he clerk of court shall therefore randomly assign this matter to a district judge for consideration of the following recommendation: that this action be dismissed as to KARE and KARE Affiliated Non-Profit Ventures for failure to timely effectuate service of process." Id. at 2. The report and recommendation advised the plaintiff that she must file any objection to Judge Dries's recommendation within fourteen days of service of the recommendation and warned her that failure to file timely objections would result in a waiver of her right to appeal. Id. (citing 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2)). The docket reflects that the order was mailed to the plaintiff at the Germantown address. The order has not been returned to the court as undeliverable and the court has not received from the plaintiff an objection to Judge Dries's May 6, 2024 recommendation. Her objections were due by May 23, 2024.

A district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); see also Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). The district judge may

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson, 170 F.3d at 739 (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997). Because the plaintiff did not object, the court reviews for clear error Judge Dries's recommendation that the court dismiss KARE and KARE Affiliated Non-Profit Ventures without prejudice (and thus, dismiss this case).

The court has several concerns about this case. First, the plaintiff filed her complaint nine months ago. The court received her magistrate consent form over seven months ago. That was the last the court heard from the plaintiff. She has filed nothing since November 2023. The court has not received a change-of-address form from the plaintiff, nor have any of its orders been returned as undeliverable. But it is unusual for a plaintiff to file a lawsuit and then fail completely to participate in it.

Second, the court has reason to suspect that the plaintiff intended to sue an entity called Kare Mobile, Inc., and simply did not know its legal name. If one Googles Dr. Kwane Watson, one result is a page from the University of Kentucky's Alumni Association website, announcing that he was the recipient of the school's 2023 Lyman T. Johnson Award. https://www.ukalumni.net/

9

s/article/Kwane-Watson. The page describes Watson as "the founder and CEO of Kare Mobile Inc., a dental service organization and healthcare technology company focused on comprehensive oral health care in a hybrid brick and mortar and single operatory mobile dental unit model." Id. The page says that Kare Mobile was founded in 2017. Id.

Kare Mobile, Inc. has a website. https://karemobile.com. It describes the entity as "a dental service organization focused on innovation in a direct to consumer oral care delivery model." Id. The home page lists the entity's address as "Kare mobile, LLC, 901 S. 15th Street, Louisville, KY 40210," id.—the address the plaintiff listed in the complaint for "KARE" and Watson, and the address where Watson's affidavit avers that he had offices for eighteen months, dkt. no. 16 at ¶12.

The web site for the Kentucky Secretary of State's office shows that Kare Mobile, Inc. is a for-profit corporation in good status, organized on May 24, 2017 with its principal office at 901 S. 15th Street, Louisville, Kentucky 40210. https://web.sos.ky.gov/BusSearchNProfile/Profie/aspx/?ctr=957137. The registered agent is Kwane Watson, 901 South 15th Street, Louisville, KY 40210. Id.

The court mentioned that Watson averred in his affidavit that there was no entity doing business as "KARE" that had offices in the building at 901 S. 15th Street in Louisville "in the 18th months that [he] ha[d] maintained an office in that building." Dkt. No. 16 at ¶10. The dates of that eighteen-month period are not clear. At the end of the affidavit, there is a signature block for a

notary. Someone typed "Subscribed and sworn to before me this ___ day of January, 2024." Id. at page 2. The handwritten notation "7th" appears in the blank for the day; someone used a pen to strike out "January" and hand-wrote "February" for the month. Id. Presumably Watson was averring that he had had offices at 901 S. 15th Street for the eighteen months preceding February 7, 2024—since around August 2022, over a year before the plaintiff filed her complaint.

While Watson's motion to dismiss asserted that he never had been affiliated with an entity called "KARE," he did not mention that he appears to be affiliated with an entity called "Kare Mobile, Inc." While his affidavit attested that he was not the founder, CEO or registered agent for an entity called "KARE," he did not mention that he *is* the founder and registered agent for Kare Mobile, Inc. While it may be true that there is no legal entity called "KARE," there *is* an entity called Kare Mobile, Inc. Watson did not volunteer this information.

Watson, of course, has no duty to assist a *pro se* plaintiff in identifying the defendants she is trying to sue. But the court does. A *pro se* "plaintiff's failure to explicitly name a John or Jane Doe defendant in the caption of the complaint does not relieve the district court of its responsibility to assist the *pro se* plaintiff who confronts barriers to identifying the appropriate defendants." Donald v. Cook Cnty. Seriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). The information the court has found supports an inference that the plaintiff meant to sue Kare Mobile, Inc. but mistakenly referred to it as "KARE."

11

The court could order the Marshals to serve Kare Mobile, Inc. through its registered agent, Dr. Watson.

Federal Rule of Civil Procedure 4(m) does require a plaintiff to serve a defendant within ninety days after the complaint is filed, unless the plaintiff shows good cause. But because the plaintiff is representing herself and had no money to pay the filing fee, she had to rely on the Marshals to serve the complaint. "Delays in service attributable to the Marshal automatically constitute 'good cause' preventing dismissal under Rule 4(m)." Mitchell v. Shomig, 969 F. Supp. 487, 493 (N.D. Ill. 1997) (citing Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995)). Although ninety days from service of the complaint was December 17, 2023, the Marshals did not mail the service packets until December 7, 2023. They did not notify the court for the first time that they had had no response until February 7, 2024. They then tried to serve the registered agent of a Wisconsin corporation called KARE, Inc. (at an address the plaintiff had *not* provided).[3] It is not clear when they made that attempt, but they filed the unexecuted summons receipt on February 22, 2024. Those delays are not attributable to *the plaintiff*, and they constitute good cause. Despite the fact that ninety days has passed, the court could require the Marshals to serve Kare Mobile, Inc. through Dr. Watson.

---

[3] The Wisconsin Department of Financial Services shows a KARE, Inc. with a registered agent of Karen Herbison in Altoona, WI. https://apps.dfi.wi.gov/ apps/CorpSearch/Details.aspx?entityID=K043000&hash=1831329580&search FunctionID=89ea3ba8-5e23-45f6-9b8b-c58967c22751&type=Simple&q=kare.

But Judge Dries already has determined that the court has no personal jurisdiction over Watson (albeit due in part to accepting the representations in Watson's motion and affidavit). Without further information from the plaintiff, the court cannot know whether it would have personal jurisdiction over a Kentucky corporate entity. The complaint does not explain whether the plaintiff worked for Kare in Kentucky or Wisconsin, whether she interacted with Watson in Kentucky or Wisconsin. The plaintiff could have provided that information in response to Judge Dries's order that she respond to Watson's motion to dismiss. She could have provided that information in response to Judge Dries's order that she show cause why KARE and KARE Affiliated Non-Profit Ventures should be dismissed. She did not, and as the court has explained, it has not heard from the plaintiff for the past seven months. This court's Civil Local Rule 41(c) allows a court to dismiss a case "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . ." The plaintiff's seven-month silence and failure to respond to any of Judge Dries's orders convinces this court that she is not diligently pursuing the case.

The court will accept Judge Dries's recommendation and will dismiss defendants KARE and KARE Affiliated Non-Profit Ventures, and dismiss the case without prejudice. That means that the plaintiff may try again. She may file a new lawsuit, assuming that the applicable limitation period has not expired.

The court **ADOPTS** Magistrate Judge Dries's report and recommendation. Dkt. No. 22.

The court **ORDERS** that defendants KARE and KARE Affiliated Non-Profit Ventures are **DISMISSED.**

The court **ORDERS** that the case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's failure to diligently pursue it. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of June, 2024.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge